UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                           :

TONY SIRICO and AFM ENTERTAINMENT, INC.,

                                  Plaintiffs,        :    **MEMORANDUM & ORDER**

               - against -

                                                            :    1:06-cv-3262-ENV-RLM

RIH ACQUISITIONS NJ, LLC, d/b/a
ATLANTIC CITY HILTON,

                                  Defendant.
-----------------------------------------------------------------X

VITALIANO, D.J.

      Defendant has moved, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the District of New Jersey. Defendant contends that the written contract between the parties, which no one disputes exists, contains a valid and enforceable forum selection clause:

> GOVERNING LAW: This Agreement shall be venued in and construed in accordance with the laws of the State of New Jersey.

Effron Decl. Exh. B, ¶ 33.

      Unlike most forum selection clauses, this clause does not refer to "lawsuits," "litigation," "claims," "disputes," "exclusive jurisdiction," or to any specific courts or tribunals. The poorly drafted provision is susceptible to two readings: (i) This Agreement shall be venued in . . . the State of New Jersey; or (ii) This Agreement shall be venued in . . . accordance with the laws of the State of New Jersey. The first reading is more intelligible, but still, it remains unclear what it means to say that an "agreement shall be venued" in a state. Neither the parties nor the Court have been able to locate a single case involving a similarly constructed contractual provision. At best, defendant has been able to locate cases where courts have enforced forum selection clauses that have language to the effect of

"venue shall be proper" in a certain county of a state.  See, e.g., Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1343 (10th Cir. 1992) ("The parties herein have mutually agreed that said lease and the purchase option agreement contained herein, where applicable, shall be governed by the laws of the State of Kansas and the parties further agree that venue shall be proper under this agreement in Johnson County, Kansas."); Friberg v. Carson Energy, Inc., No. 03-cv-1238, 2003 U.S. Dist. LEXIS 8709, at *2 (N.D. Cal. May 15, 2003) ("Applicable Law. The Agreement and the application or interpretation hereof shall exclusively be governed by and construed in accordance with the laws of the State of Texas. This Agreement shall be deemed to be performable in and venue shall be mandatory in Dallas County, Texas."); Intermountain Sys., Inc. v. Edsall Constr. Co., 575 F.Supp. 1195, 1197 (D. Colo. 1983) ("It is agreed for purposes of this agreement, venue shall be in Adams County, Colorado.").

These cases are inapposite.  Of course, if a clause refers to a particular county, it is easy to see how a court might conclude that the parties intended a choice of forum rather than a choice of law, as specifically designated state courts, and not the state's laws, are located in a particular county.  More to the point, though, none of the cited cases involve a clause suggesting, as the words do here, that the contract, itself, was venued in a particular state.  This fact is significant because the drafter may have intended a different type of clause; he may have intended to confirm that the parties deemed the contract executed in New Jersey, despite it actually being executed by fax across state lines.  Such clauses are not too uncommon in choice of law provisions.  See, e.g., Shaw Group Inc. v. Triplefine Int'l Corp., 322 F.3d 115, 123 (2d Cir. 2003) ("This Agreement shall be deemed to have been executed and delivered in New York, New York, and shall be interpreted and construed in accordance with the laws of New York, U.S.A."); Best Western Int'l, Inc. v. Govan, No. 05-cv-3247, 2006 WL 2523460, at *1 (D. Ariz. Aug. 29, 2006) ("This Membership Application and Agreement shall be deemed executed in Phoenix, Arizona."); Davidson & Assocs., Inc. v. Internet Gateway, Inc., 334 F. Supp. 2d 1164,

1175 (E.D. Mo. 2004) ("This license Agreement shall be deemed to have been made and executed in the State of California and any dispute arising hereunder shall be resolved in accordance with the law of California."); McBride v. St. Anthony Messenger Magazine, No. 2:02-cv-0237, 2003 WL 1903381, at *2 (S.D. Ind. Feb. 6, 2003) ("This agreement is deemed executed in the state of Ohio and governed by Ohio law."). Given the ubiquitous importance of the concept of venue or location in the law, it would appear at least as, if not more, likely that the drafter intended this type of clause.[1] This conclusion is reinforced by Black's Law Dictionary, which indicates that one definition of "venue" is "[i]n an affidavit, the designation of the place where it was made." BLACK'S LAW DICTIONARY 1591 (8th ed. 2004). All of this goes only to reinforce the point that the unilluminating clause is, at best, ambiguous – that is, "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." Walk-In Med. Ctrs., Inc. v. Breuer Capital Corp., 818 F.2d 260, 263 (2d Cir. 1987) (quoting Eskimo Pie Corp. v. Whitelawn Dairies, Inc., 284 F.Supp. 987, 994 (S.D.N.Y.1968)).

Ambiguity in a forum selection clause is construed against the provision's drafter. See Intermetals Corp. v. Hanover Int'l Aktiengesellschaft Fur Industrieversicherungen, 188 F.Supp. 2d 454, 460 (D.N.J.2001); Unity Creations, Inc. v. Trafcon Indus., Inc., 137 F. Supp. 2d 108, 111 (E.D.N.Y. 2001); John's Insulation, Inc. v. Siska Constr. Co., 671 F. Supp. 289, 294 (S.D.N.Y. 1987). There being no dispute that defendant, which seeks to transfer venue to New Jersey, drafted the supposed

---

[1] Furthermore, the heading of the ambiguous section is titled "GOVERNING LAW," thus suggesting that the section deals with choice of law and not choice of venue. The contract also provides, however, that "[p]aragraph headings have been inserted into this Agreement for convenience only and shall not be used in interpreting this Agreement." Effron Decl. Exh. B, ¶ 34. Since the clause is clearly ambiguous without reference to its heading, which does nothing to cure the ambiguity, the Court need not address whether it may consider the paragraph heading in its analysis. See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., No. 04-cv-10014, 2005 WL 1950116, at *5 n.6 (S.D.N.Y. Aug. 12, 2005).

3

venue provision, the Court concludes that the clause is not enforceable against plaintiffs as a forum selection clause.

Defendant next contends that even in the absence of a valid forum selection clause, transfer of this matter is still warranted under 28 U.S.C. § 1404(a), which allows for transfer to a proper venue "for the convenience of parties and witnesses, in the interest of justice." When addressing a § 1404(a) motion, a court considers: "(1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice." Kroll v. Lieberman, 244 F. Supp. 2d 100, 102 (E.D.N.Y. 2003). Still, this is not a mere balancing test, and great weight is accorded to the plaintiff's choice of venue; transfer is only appropriate where "the balance of conveniences weighs strongly in favor of the change of forum." Id. at 103.

Here, defendant comes nowhere close, offering nothing more than a page of argument in its memorandum of law, where it is asserts that the vast majority of witnesses reside in or near Atlantic City and will be inconvenienced by traveling over 200 miles to this Court. As an initial matter, the Court takes judicial notice that the distance between the Hilton in Atlantic City, New Jersey and the United States Courthouse in Brooklyn, New York is less than 130 miles. See Sanders v. Claridge Hotel and Casino, No. 89-cv-5104, 1990 WL 160887, at *1 n.1 (S.D.N.Y. Oct. 19, 1990). Presumably, defendant wishes to have this case transferred to the division of the District of New Jersey in Camden. A district court in nearby Philadelphia has opined, given the short distance and ease of transit, that "if only the convenience of parties and witnesses were at issue, [it] would deny the motion to transfer the action to New York." Blanning v. Tisch, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974). Moreover, given the nature of plaintiffs' claims, this Court does not expect scores of witnesses, much less nonparty

witnesses. See Cordon Holding B.V. v. Nw. Publ'g Corp., No. 98-cv-4797, 1998 WL 867388, at *3 (S.D.N.Y. Dec. 14, 1998) ("Courts generally accord the convenience of party witnesses less weight than they do the convenience of non-parties."). As such, the availability of compulsory process is not an overriding concern because, as a practical matter, defendant's employees will be available to testify by virtue of their employment relationship. See Schwartz v. Marriot Hotel Servs., Inc., 186 F. Supp. 2d 245, 250-51 (E.D.N.Y. 2002); Citigroup, Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561-62 (S.D.N.Y. 2000). However, on this point, the Court should not have to speculate as to who might be witnesses, as the moving party "must support the motion with an affidavit containing 'detailed factual statements' explaining why the transferee forum is more convenient, including 'the potential principal witnesses expected to be called and a general statement of the substance of their testimony.'" Pall Corp. v. PTI Techs., Inc., 992 F. Supp. 196, 198 (E.D.N.Y. 1998) (quoting Laumann Mfg. Corp. v. Castings USA Inc., 913 F. Supp. 712, 720 (E.D.N.Y. 1996); Peterman v. United States, No. 04-cv-1454, 2006 WL 2806417, at *2 (N.D.N.Y. Sep. 28, 2006) ("If the moving party makes only vague generalizations about the witnesses it intends to call, it will not have met its burden and its motion will be denied."). Defendant has offered no such factual submission. The Court must conclude, then, based on the scant assertions of counsel before it, that a transfer of this matter would not serve the interest of justice.

Having failed to establish that the parties formally agreed to the selection of New Jersey as the forum for any disputes arising out of their contract, and having failed in its burden to establish that the transfer of this action to the District of New Jersey is in the interest of justice, defendant's motion is, in all respects, denied.

**SO ORDERED.**

Dated: Brooklyn, New York
November 20, 2006

/ s / Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge